|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | **PRIORITY SEND** |

### CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 09-1553-JFW (AJWx)** | Date: August 3, 2009 |
| Title: | Erika Miranda -v- Citibank, N.A., et al. | |

**PRESENT:**

　　　HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**　　ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION [filed 6/15/09; Docket No. 29]

　　　On June 15, 2009, Plaintiff Erika Miranda ("Plaintiff") filed a Motion for Class Certification ("Motion"). On June 22, 2009, Defendant Citibank, N.A. ("Defendant") filed its Opposition. On July 13, 2009, Plaintiff filed a Reply. On July 21, 2009, Defendant filed a Supplemental Brief. On July 22, 2009, Plaintiff filed a Reply to Defendant's Supplemental Brief. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's July 20, 2009, hearing calendar and the parties were given advance telephonic notice. After considering the moving, opposing, reply, and supplemental papers, and the arguments therein, the Court rules as follows:

**I.　　Factual and Procedural Background[1]**

　　　Plaintiff seeks to represent the class of all persons currently or formerly employed by Defendant as a "Citibank at Work Relationship Manager" ("BWRM"), or working under that or any subsequent title, throughout California. Plaintiff alleges that Defendant, by policy and practice, uniformly and unlawfully classified all of the BWRMs as "exempt" from the overtime requirements of California state and federal law, and accordingly failed or refused to pay them overtime compensation as mandated by California state law.

---

[1] To the extent that the Court has relied on evidence to which the parties have objected, the Court has considered and overruled those objections. As to the remaining objections, the Court finds that it is unnecessary to rule on those objections because the disputed evidence was not relied on by the Court.

Through its "Citibank Bank at Work" program, Defendant offers customized packages of services and discounted products to employees of companies that have a client relationship with Defendant. These services include items such as financial education seminars, direct deposit service, discounted fee bank accounts, preferred rate loans, credit cards, and private banking services. BWRM employees are located in strategic areas throughout California, and the BWRMs' job objectives can include establishing and broadening "Citibank Bank at Work" relationships with companies to increase the number of Citibank accounts opened and services purchased by employees of those companies. The primary goal of the "Citibank Bank at Work" program is to work with employers to grow Defendant's market share in the financial products, such as checking accounts, used by the client's employees.

Plaintiff became a BWRM in the Los Angeles area in March 2003 when Defendant purchased California Federal Bank. In February 2007, Plaintiff began a long-term leave of absence, and never returned to work as a BWRM. Plaintiff's employment with Defendant ended on or about July 9, 2008. Plaintiff has filed a workers compensation lawsuit against Defendant and an individual lawsuit against Defendant in Los Angeles Superior Court alleging, among other claims, disability discrimination.

In this action, Plaintiff alleges claims for relief for: (1) failure to pay overtime compensation in violation of Federal Law (Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*); (2) failure to pay overtime compensation in violation of California law (California Labor Code §§ 510 and 1194 and IWC Wage Order(s)); (3) failure to provide itemized wage statements in violation of California law (California Labor Code §§ 226, 1174, 1174.5 and IWC Wage Order(s)); (4) failure to provide meal periods in violation of California law (California Labor Code §§ 226.7 and 512 and IWC Wage Order(s)); (5) failure to provide rest periods in violation of California law (California Labor Code §§ 226.7 and 512 and IWC Wage Order(s)); (6) waiting time penalties in violation of California law (California Labor Code §§ 201, 202, and 203); and (7) violation of California Business & Professions Code §§ 17200, *et seq.* In this Motion, Plaintiff is seeking class certification of only her claims for monetary, declaratory, and injunctive relief under the California Labor Code and the California Business & Professions Code.

## II.   Legal Standard

The party seeking to certify a class bears the burden of formulating a sufficiently concise class definition, and demonstrating that the class meets the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b). *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001), *as amended*, 273 F.3d 1266 (9th Cir. 2001). *See, also, Metcalf v. Edelman*, 64 F.R.D. 407, 409-10 (N.D.Ill.1974) (stating "[a] class must be capable of concise and exact definition."). Under Rule 23(a), a class action is only proper if "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. Proc. 23(a).

If the Rule 23(a) prerequisites are met, the next issue is whether certification is appropriate under Rule 23(b). Rule 23(b) authorizes certification,

>if the prerequisites of subdivision (a) are satisfied, and in addition
>
>(1) the prosecution of separate actions by or against individual members of the class would create a risk of
>
>(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct of the party opposing the class, or
>
>(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests ....
>
>(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunction relief or corresponding declaratory relief with respect to the class as a whole; or
>
>(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Failure to carry this burden precludes the party from maintaining its complaint as a class action. *Rutledge v. Electric Hose & Rubber Co.*, 511 F.2d 668, 673 (9th Cir. 1975).

In order to obtain class certification, the party must provide facts to satisfy these requirements: simply repeating the language of the rules in its moving papers is insufficient. *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1309 (9th Cir. 1977). A district court must conduct a "rigorous analysis" of the moving party's claims to examine whether the requirements of Rule 23 are met. *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 161 (1982). Although the court should not judge the ultimate merits of the case at the class certification stage, it may consider evidence relating to the merits if such evidence also relates to the requirements of Rule 23. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

**III.   Discussion**

**A.    Plaintiff Has Failed to Satisfy the Requirements of Rule 23(b)(3) That Common Issues Predominate.**

A class may be certified under Rule 23(b)(3) if a court "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. Proc. 23(b)(3). "[T]o meet the predominance requirement of Rule 23(b)(3), a plaintiff must establish that 'the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole . . . predominate over those issues that are subject only to individualized proof.'" *In re Visa Check/Master Money Antitrust Litig.*, 280 F.3d 124, 136 (2d Cir. 2001); *see, also, Jiminez v. Domino's Pizza, Inc.,* 238 F.R.D. 241, 251 (C.D. Cal. 2006) ("The predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.") (internal quotation omitted). A Rule 23(b)(3) action is inappropriate where "the main issues in a case require the separate adjudication of each class member's individual claim or defense." *Zinser*, 253 F.3d at 1189. "To determine whether common issues predominate, this Court must first examine the substantive issues raised by Plaintiff[ ] and second inquire into the proof relevant to each issue." *Jiminez*, 238 F.R.D. at 251.

In this case, whether or not Plaintiff and her fellow BWRMs are exempt employees under the administrative exemption and/or outside salesperson exemption is a central issue.

**1.    The Outside Salesperson Exemption**

The Ninth Circuit recently explained the outside salesperson exemption in *Vinole v. Countrywide Home Loans, Inc.,* __ F.3d __, 2009 WL 1926444, *8 (July 7, 2009):

> Federal law and California law provide exemptions for "outside salespersons." The California exemption from overtime and other wages applies to an employee "who customarily and regularly works more than half the working time away from the employer's place of business selling tangible or intangible items or obtaining orders or contracts for products, services, or use of facilities." Cal.Code Regs. tit. 8, §§ 11040(1)(C), (2)(M). Under California law, a court evaluating the applicability of the outside salesperson exemption must conduct an individualized analysis of the way each employee actually spends his or her time, and not simply review the employer's job description. *Ramirez v. Yosemite Water Co.*, 20 Cal.4th 785, 85 Cal.Rptr.2d 844, 978 P.2d 2, 9 (1999). This entails a two-step inquiry. *See, e.g., Campbell v. PricewaterhouseCoopers, LLP*, 253 F.R.D. 586, 600 (E.D.Cal.2008). First, the court examines in an individualized fashion the work actually performed by the employee to determine how much of that work is exempt. *Id.* Second, the court determines whether the employee's work was consistent with the employer's expectation and whether those expectations were realistic. *Id.*; *accord, Sepulveda v. Wal-Mart Stores, Inc.*, 237 F.R.D. 229, 246 (C.D.Cal.2006), *aff'd in relevant part*, 275 Fed.Appx. 672 (9th Cir.2008).

*See, also, Ramirez*, 20 Cal. 4th at 801 (holding that the exemption applies not only to the outside sales activity itself, but also to activities that are responsibly necessary to outside sales activities, or "sales related activities", such as preparation time, travel time, and paperwork).

### 2. The Administrative Exemption

The administrative exemption applies to an employee who: (1) "earn[s] a monthly salary equivalent to no less than two times the state minimum wage for full-time employment"; (2) is "primarily engaged in the duties that meet the test of the exemption; and (3) "customarily and regularly exercise discretion and independent judgment in performing those duties." Cal. Labor Code § 515(a); Wage Order No. 4-2001(1)(A)(2). Employees need to spend at least fifty percent of their time performing exempt duties to be "primarily engaged" in those duties. *See, Combs v. Skyriver Communications, Inc.*, 159 Cal. App. 4th 1242, 1254 (2008). Administrative duties "include the work performed by so-called white-collar employees engaged in 'servicing' a business as, for example, advising the management, planning, negotiating, representing the company, purchasing, promoting sales, and business research and control." 29 C.F.R. § 541.205(b); Wage Order No, 4-2001(1)(A)(2)(f) (incorporating the definition of exempt and non-exempt activities under the Department of Labor's FLSA regulations in effect on January 1, 2001); *see, also, Reich v. John Alden Life Ins. Co.*, 126 F.3d 1, 5 (1st Cir. 1997) (applying administrative exemption to marketing representatives who "disseminat[ed] information to the marketplace, underst[ood] customers and competitors, and gather[ed] available information," as the representatives' duties were "directly related to the operations, and at the heart of John Alden's business success"); *Hogan v. Allstate Ins. Co.*, 361 F.3d 621, 627 (11th Cir. 2004) (applying exemption to insurance agents promoting sales and servicing existing customers). "In general, the exercise of discretion and independent judgment involves the comparison and evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." 29 C.F.R. § 541.202(a). "The term must be applied in the light of all the facts involved in the particular employment situation in which the question arises." 29 C.F.R. § 541.207(b).

### 3. Individual Issues Predominate over Common Questions of Fact.

In arguing that common issues predominate, Plaintiff relies heavily on the fact that Defendant classified all BWRMs as exempt. However, in the recent case of *In re Wells Fargo Home Mortgage Overtime Pay Litigation*, __ F.3d __, 2009 WL 1927711, *4-*5 (9th Cir. July 7, 2009), the Ninth Circuit rejected this argument and reversed the district court's decision to certify a class, holding that "[t]he fact that an employer classifies all or most of a particular class of employees as exempt does not eliminate the need to make a factual determination as to whether class members are actually performing similar duties." Moreover, the Ninth Circuit found that only comprehensive and detailed policies that specify the amount of time employees must spend on particular job duties might "transform" individualized exemption questions into common ones. *Id.* at *4. For example, with respect to the outside salesperson exemption that requires an employee to be "customarily and regularly away from the employer's place of . . . business . . .," the Ninth Circuit found that "a centralized policy requiring employees to be at their desks for 80% of their workday would change this individual issue into a common one." *Id.*; *see, also, Vinole*, __ F.3d __, 2009 WL 1926444, at *9 (holding that in "cases where exempt status depends upon an individualized determination of an employee's work, and where plaintiffs allege no standard policies governing how employees spend their time, common issues of law and fact may not predominate.").

In this case, Plaintiff alleges no common scheme or policy that would diminish the need for individual inquiry. In fact, the declarations submitted by both Plaintiff and Defendant demonstrate

the exact opposite. For example, with respect to the outside salesperson exemption, the declarations submitted by both parties demonstrate that the time spent outside Defendant's facilities varied dramatically from one individual BWRM to the next. *See, e.g,* Declaration of Michael Davis, ¶ 14 (approximately 75 to 90 percent of work time outside of office); Declaration of Steve Dial, ¶ 2 (approximately 60 to 65 percent of work time outside of any of Defendant's facilities); Declaration of "Vicky" Phuong Pham, ¶ 4 (about 60 percent of work time outside of any of Defendant's facilities); June 28, 2009 Declaration of Francis Astilla, ¶ (20 to 40 percent of work time outside of any Defendant facility); and June13, 2009 Declaration of Erika Miranda, ¶ 31 (approximately 20 to 30 percent of work time outside of any Defendant facility). Moreover, not only has Plaintiff failed to identify any policy dictating how much time BWRMs are required to spend either inside or outside of Defendant's facilities, but the polices that Plaintiff does identify – employee handbooks, absence from work forms, compensation plans, Bank at Work program brochures, and Bank at Work intranet sites – do not address the job duties BWRMs perform, how much time BWRMs do or should spend on their job duties, whether BWRMs perform those job duties inside or outside of Defendant's facilities, and whether or not BWRMs are required to work more than eight hours in a day or 40 hours in a week. The BWRM job description submitted by Plaintiff does contain broad and general goals and responsibilities for BWRMs – such as, "find ways to contain costs," "develop business plan[s]," and "effectively implement and manage a client relationship process" – but it does not specify how much time is to be spent on each goal or responsibility. The facts of this case are similar to the cases of *Vinole* and *In re Wells Fargo* where the plaintiffs shared a common job title and core duties, but, nonetheless, the Ninth Circuit found that class certification was not appropriate. *See, e.g., Vinole*, __ F.3d __, 2009 WL 1926444, *1 (employees shared core duty of "represent[ing] Countrywide in local communities, and . . . work[ing] with realtors, builders, and other potential business partners in order to develop business relationships and obtain referral business"); *In re Wells Fargo*, __ F.3d __, 2009 WL 1927711, *1 (employees shared core duty of "marketing and selling mortgages").

Moreover, Plaintiff's proposed class does not exclude employees who admittedly are exempt as outside salespersons because they spend more than fifty percent fo their time outside the office. *See,* Complaint, ¶ 3 ("The California Class is made up of all persons employed by Defendant as BWRMs at any time in California during the four year time period prior to the filing of this Complaint, through the date of final disposition of this matter (the 'California Class Period').").  However, Defendant has presented numerous declarations from putative class members who spend much more than 50 percent of their working hours outside the office. *See, e.g.,* Declaration of Michael Davis, ¶ 14 (approximately 75 to 90 percent of work time outside of office); Declaration of Steve Dial, ¶ 2 (approximately 60 to 65 percent of work time outside of any of Defendant's facilities); and Declaration of "Vicky" Phuong Pham, ¶ 4 (about 60 percent of work time outside of any of Defendant's facilities).  Therefore, if the Court were to certify this proposed class, "it would allow putative class members who, by their own admission do not qualify for relief, to litigate inherently meritless claims through a representative action." *See, Vinole v. Countrywide Home Loans, Inc.*, 246 F.R.D. 637, 641 (S.D. Cal. 2007).

Furthermore, individual inquiries also predominate with respect to the administrative exemption. While Plaintiff argues that she did not exercise any significant discretion or independent judgment when she was a BWRM, it appears from the declaration submitted by both Plaintiff and Defendant that other BWRMs did exercise discretion or independent judgment in the types of administrative duties that qualify for the exemption. *See, e.g.,* June 28, 2009 Declaration

of Francis Astilla, ¶ 15 (exercised discretion related to sales decisions); June 28, 2009 Declaration of Darryl Minor, ¶ 15 (exercised discretion related to sales decisions); Declaration of "Vicky" Phuong Pham, ¶ 3 ("I decide how often, and how best, to communicate with clients"); Declaration of Michael Davis, ¶ 2 ("The decisions I make about which employer relationships to develop, how to develop them, and how to keep the employers with whom I already have relationships satisfied have a direct impact on Citi's business. Specifically, my decisions can affect the number of individual Citibank customers within a particular geographic area, a well as the scope of Citibank's products and services that are purchased or used by those individual customers."); *see, also, Heffelfinger v. Electronic Data Systems Corp.*, 580 F.Supp. 2d 933, 962-64 (C.D. Cal. 2008) (holding that putative class members were exempt under the administrative exemption even though their employer was "highly regulated" and the putative class members did not have final decision-making authority); *and Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 477 (S.D.N.Y. 2008) (pharmaceutical sales representatives that managed their own call list, exercised discretion in deciding how often to visit doctors, and decided which part of the company's message to emphasize qualified for the administrative exemption). Accordingly, Plaintiff has failed to satisfy the requirements of Rule 23(b)(3).[2]

### B. Plaintiff Has Failed to Satisfy the Commonality and Typicality Requirements of Rule 23(a)(2) and (3)[3]

Pursuant to Rule 23(a)(2), a plaintiff satisfies the commonality requirement if "there are questions of law or fact common to the class." Because the commonality requirement has been construed permissively, "[a]ll questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir.1998). The purpose of the commonality requirement is to ensure that the claims of individual class members share a common core of facts "sufficiently parallel to insure a vigorous and full presentation of all claims for relief." *Cal. Rural Legal Assistance, Inc. v. Legal Servs. Corp.*, 917 F.2d 1171, 1175 (9th Cir.1990) (citation omitted).

---

[2] In addition, Plaintiff has failed to satisfy the requirements of Rule 23(b)(2), which requires that the primary relief sought be declaratory or injunctive relief, not monetary damages. *See, e.g., Zinser*, 253 F.3d at 1195 (holding that, for classes certified pursuant to Rule 23(b)(2), monetary damages must be "merely incidental to the primary claim for injunctive relief."); *see, also, Blackwell v. Skywest Airlines, Inc.*, 245 F.R.D. 453, 466 (S.D. Cal. 2007) (declining to certify classes under Rule 23(b)(2) where plaintiff had alleged claims for missed meal periods, inaccurate wage statements, and overtime pay under California law because plaintiff had failed to demonstrate that monetary relief was merely incidental to the injunctive relief sought). In this case, Plaintiff is seeking monetary damages for a variety of claims, including her overtime claims, her meal and rest claims, her itemized wage statement and waiting time violations. Moreover, Plaintiff, as a former employee, cannot benefit from injunctive relief, and, thus, monetary relief is necessarily her "primary concern." *Jimenez*, 238 F.R.D. at 250.

[3] Because Plaintiff has not satisfied other requirements of Rule 23, it is not necessary to discuss whether Plaintiff would satisfy the requirements of Rule 23(a)(1).

Pursuant to Rule 23(a)(3), typicality exists when "the claims or defenses of the representative are typical of the claims or defenses of the class."  "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."  *Hanlon*, 150 F.3d 1011, 1020 (9th Cir. 1998).  To assess whether or not the representative's claims are typical, the Court examines "'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'"  *Hanon*, 976 F.2d at 508 (*quoting Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D.Cal.1985)).  In other words, "[t]he test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."  *Id.* (internal quotation marks omitted).  In addition, "class certification is inappropriate where the putative class representative is subject to unique defenses which threaten to become the focus of the litigation."  *Id.* (citing cases).

In this case, Plaintiff offers no evidence supporting either commonality or typicality.  As explained in detail above, Plaintiff cannot establish that the job duties she performed as a BWRM, the manner or way in which she executed those job duties, the amount of time she devoted to those job duties, the amount of her work time spent outside of Defendant's offices and/or branches, and numerous other issues are typical of or common to all BWRMs.  *See, e.g., Brown v. Federal Express Corporation*, 249 F.R.D. 580, 584-86 (C.D. Cal. 2008) (denying motion for class certification in wage and hour dispute because highly individualized factual inquires predominated); *Jimenez*, 238 F.R.D. at 253 (denying motion for class certification in wage and hour case because common questions of law and fact did not predominate); *see, also, Salazar v. Avis Budget Group, Inc.*, 251 F.R.D. 529, 534 (S.D. Cal. 2008) (denying motion for class certification in wage and hour case because individual issues predominated).  In fact, as explained above, it appears just the opposite is true – BWRMs exercise a great deal of discretion in accomplishing the goals and responsibilities of their position, and, thus, the time devoted to particular job duties, how job duties are performed, and where job duties are performed is highly individualized.  Accordingly, Plaintiff has failed to satisfy the requirements of Rule 23(a)(2) and (3).

**C.    Plaintiff Has Failed to Satisfy the Adequacy Requirements of Rule 23(a)(4).**

To satisfy constitutional due process concerns, Rule 23(a)(4) requires that "absent class members must be afforded adequate representation before entry of a judgment which binds them."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (*citing Hansberry v. Lee*, 311 U.S. 32, 42-3 (1940)).  First, the adequacy requirement mandates that no conflicts of interest exist between the named plaintiff and the absent class members. *See, e.g., In re Rubber Chem. Antitrust Litig.,* 232 F.R.D. at 351, *citing Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.,* 244 F.3d 1152, 1162 (9th Cir. 2001).  Second, the adequacy requirement seeks to ensure that plaintiffs are represented by "counsel of sufficient diligence and competence to fully litigate the claims." *See id.; see also In re Linerboard Antitrust Litig.,* 203 F.R.D. 197, 207 (E.D.Pa.2001).

In this case, Plaintiff is not an adequate representative because she also has an individual action against Defendant pending in Los Angeles Superior Court for employment disability discrimination, and a worker's compensation claim against Defendant pending before the California Worker's Compensation Appeals Board.  While Plaintiff denies that a conflict exists between her

role as representative in this action and her other actions against Defendant, it is the appearance of a conflict that is inescapable.[4]  *See, e.g., Kayes v. Pacific Lumber Co.*, 51 F.3d 1449, 1465 (9th Cir.1995) ("[t]he 'appearance' of divided loyalties refers to differing and potentially conflicting interests and is not limited to instances manifesting such conflict."); *see, also, Moreno v. AutoZone, Inc.*, 251 F.R.D. 417, 425 (N.D.Cal. 2008) ("[p]rosecuting claims against the same defendant in different actions can create a conflict of interest for the attorneys, placing a class at risk that its interests will be compromised for the benefit of parties in another action.") (*quoting Moreno,* 2007 WL 4287517, at *15)*.*  Accordingly, Plaintiff has failed to satisfy the requirements of Rule 23(a)(4).

## IV.    Conclusion

For all the foregoing reasons, Plaintiff's Motion is **DENIED**.

IT IS SO ORDERED.

The Clerk shall serve a copy of this Minute Order on all parties to this action.

---

[4]  In addition, one of Plaintiff's counsel in this action, Anthony B. Lewis of The Lewis Law Firm, also represents Plaintiff in her employment disability discrimination action in Los Angeles Superior Court.